Ahren A. Tiller Esq. [SBN: 250608]
Email: ahren.tiller@blc-sd.com
Brett F. Bodie, Esq. [SBN: 264452]
Email: brett.bodie@blc-sd.com
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
ROSALIND NOLAN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSALIND NOLAN<br><br>Plaintiff,<br><br>vs.<br><br>SIMM ASSOCIATES, INC.<br><br>Defendant. | Case No.: '26CV5738 LL JAC<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.33); (2) VIOLATIONS OF THE FDCPA (15 U.S.C. § 1692 *ET SEQ.);* AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. ROSALIND NOLAN (hereinafter referred to as “Plaintiff”), by and through her Counsel of record, brings this action against SIMM ASSOCIATES, INC. (hereinafter referred to as “SIMM” or “Defendant”) pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automatic Telephone Dialing System

("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.33 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1788.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt

[1] CA Civil Code §§ 1788.1(a)-(b)

Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protection Act (hereinafter referred to as “the TCPA”) was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. “Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA.” *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that “the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . .” Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, ¶ 13, 105 Stat. 2394 (congressional findings, codified as note following 47 U.S.C. § 227). See also, *Mims,* 132 S. Ct., at 744.

6. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. … Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

7. Further, as the United States District Court for the Central District of California explained in *Mata v. Veros Credit, LLC*, No. SA CV 16-98-DOC (JCGx), 2017 U.S. Dist. LEXIS 114373, at *9 (C.D. Cal. Jan. 20, 2017),

> It is sufficient for a plaintiff to allege the defendant used an "artificial or prerecorded voice" to place a call, "without any need to consider whether those plaintiffs also adequately alleged use of an ATDS." *Flores*, 2015 U.S. Dist. LEXIS 92176, 2015 WL 4340020, at *12; see also *Robinson v. Midland Funding, LLC*, No. 10CV2261, 2011 U.S. Dist. LEXIS 40107,

2011 WL 1434919 (S.D. Cal. Apr. 13, 2011) and *Reyes v. Saxon Mortgage Servs., Inc.*, No. 09CV1366, 2009 U.S. Dist. LEXIS 125235, 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009).

8. Allegations of the use of an artificial or prerecorded voice to place a call are sufficient alone to properly plead a claim under the TCPA.

> The Vaccaro court held, and I agree, that "[b]ecause the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' or (2) an ATDS." 2013 U.S. Dist. LEXIS 99991, [WL] at *n. 2.; see also *Holcombe v. Credit Protection Ass'n, LP*, No. 14-cv-14, 2014 U.S. Dist. LEXIS 122054, 2014 WL 4252277, at *3 (M.D. Ga. Aug. 28, 2014); *Lardner v. Diversified Consultants Inc.,* No. 13-cv-22751, 17 F. Supp. 3d 1215, 2014 U.S. Dist. LEXIS 64205, 2014 WL 1778960, at *6 (S.D. Fla. May 1, 2014); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06342, 2011 U.S. Dist. LEXIS 24908, 2011 WL 881550, at *3 (N.D. Ill. March 11, 2011).
>
> *Warnick v. Dish Network LLC,* Civil Action No. 12-cv-01952-WYD-MEH, 2014 U.S. Dist. LEXIS 138381, at *36-37 (D. Colo. Sep. 30, 2014).

9. See also the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.8 (2021) ("By contrast, Congress did impose broader prohibitions elsewhere in the TCPA. See, *e.g.,* 47 U.S.C. §§227(b)(1)(A) and (B) [prohibiting 'artificial or prerecorded voice' calls, irrespective of the type of technology used]").

10. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

11. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.33; the FDCPA found in 15 U.S.C. § 1692 *et seq.*; and the TCPA found in Title 47 of the United States Code Section 227, *et seq*.

12. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under both the

FDCPA and TCPA.

13. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

14. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.33.

15. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

16. Defendant is registered with the CA Secretary of State to do business in California, and is licensed by the California Department of Financial Protection and Innovation as a debt collector.

## PARTIES

17. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

18. Plaintiff is a natural person from whom a debt collector sought to collect a covered debt (here, a consumer debt) that was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

19. Defendant SIMM is a Delaware corporation whose headquarters was, and at all times mentioned herein is, located in Newark, Delaware.

20. Defendant SIMM is a debt collection company who, upon information and belief, collects upon consumer debts on behalf of original creditors in various industries including financial services.

21. Defendant SIMM regularly attempts to collect on behalf of its clients, using the mail, electronic communications, and the telephone, “consumer debts” allegedly owed to its clients, as that term is defined by Cal. Civ. Code §1788.2(f).

22. When individuals owe the clients of Defendant SIMM consumer debts, Defendant SIMM collects on those consumer debts allegedly owed to its clients through the mail, electronic communications, and via the telephone. For example, when individuals are delinquent on their debts owed to SIMM’s clients, as part of its routine business SIMM calls those individuals, sends them collection messages, letters by mail, and emails all seeking payment on the delinquent debt. Therefore, SIMM is a “debt collector” as that term is defined by Cal. Civ. Code §1788.2(c) and engages in “debt collection” as that term is defined by Cal. Civ. Code §1788.2(b).

23. Therefore, Defendant SIMM is a “debt collector” as that term is defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6) and engages in “debt collection” as that term is defined by Cal. Civ. Code §1788.2(b).

24. Defendant is, and at all times mentioned herein was, a corporation and a “person,” as defined by 47 U.S.C. § 153(39).

25. Cal. Civ. Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

26. At all times relevant hereto, Defendant used, controlled, and/or operated an “automatic telephone dialing system” (“ATDS”) as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff’s cellular telephone using an automated or prerecorded voice (“Recorded Voice”) as that term is defined in 47 U.S.C. § 227(b)(1)(A).

27. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a “consumer credit

transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

28. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
29. Prior to May 2026, SIMM was retained by one of its clients to collect on a delinquent consumer debt allegedly owed by Plaintiff ("Debt"). The Debt was originally taken out for, and used for, personal and household expenses.
30. Upon being retained to collect on the Debt, agents for SIMM began calling Plaintiff multiple times and requested payment, including at times by using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day, over seven (7) times in a single week.
31. The collection calls were made to Plaintiff's cellular telephone.
32. Plaintiff sought out and retained an attorney to represent her with regards to the Debt being collected upon by Defendant SIMM.
33. On May 14, 2026, Plaintiff's Counsel drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that SIMM needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to her name to help SIMM identify the Plaintiff's account.
34. The Letter informed SIMM that Plaintiff was represented by Counsel and thus constituted written notice pursuant to 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must

be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a prerecorded or automated voice messages.

35. The May 14, 2026, Letter was sent to Defendant via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or her Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

36. Docsmit sent the May 14, 2026, Letter to:

SIMM Associates, Inc.
800 Pencader Dr.
Newark, DE 19702

37. Docsmit included with the mailing a certification of mailing, wherein Docsmit states:

> "*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records.*"

38. The address the May 14, 2026, Letter was sent to is SIMM's corporate headquarters and principal office, as reflected in SIMM's filings with the California Secretary of State and on SIMM's own website:






39. Therefore, SIMM received the May 14, 2026, Letter.

40. However, despite receipt of the May 14, 2026, Letter referenced above which states that Plaintiff had revoked consent to be called via a Recorded Voice and had retained counsel regarding the subject debts, representatives of SIMM have continued to call Plaintiff more than approximately fifty (50) times since May 14, 2026, on her cellular telephone via the use of Prerecorded Voice messages.

41. Plaintiff alleges that SIMM called Plaintiff in excess of approximately fifty (50) times total, more than 2-3 times in a single day, and sometimes more than seven (7) times per week, based on her recollection of the frequency of calls, as well as the records of calls that she has in her possession.

42. SIMM, or its agents or representatives, have contacted Plaintiff on her cellular telephone over approximately fifty (50) times since May 14, 2026, including using an artificial and/or recorded voice.

43. SIMM called Plaintiff from numbers identified on Caller ID as (858) 437-6102, (619) 943-1245, (619) 878-3005, (619) 910-9630, and (858) 443-5301, among others.

44. On a number of occasions, Plaintiff answered the phone and spoke to agents who stated they were calling regarding her outstanding Debt and informed Plaintiff she was delinquent on the Debt and immediate payment was requested.

45. Additionally, sometimes Plaintiff answered calls from Defendant and there was a

delay before the line made a sound, indicative of the use of an artificial or prerecorded voice by SIMM.

46. Furthermore, on a number of occasions, Plaintiff received calls from SIMM and when she answered there was no one present on the line at first, indicative of the use of an automated and/or prerecorded telephone system.

47. Sometimes when Plaintiff did not answer a call from SIMM, Plaintiff then received multiple calls in rapid succession from SIMM, indicative of the use of a computerized phone system.

48. Plaintiff recalls answering some of the calls from SIMM and after a brief period of no response, an automated voice came on the line and began delivering what seemed to be a scripted message. On those occasions, Plaintiff subsequently terminated the call.

49. According to Plaintiff's recollection, the multiple calls contained an automated robotic type voice and were identical to the previously scripted calls, which is indicative of a prerecorded voice message using what appeared to be a computerized automated voice used in an attempt to collect upon the subject debt.

50. Thus, some of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

51. The multiple calls made by Defendant or its agents after May 14, 2026, were therefore made in violation of 47 U.S.C. § 227(b)(1).

52. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of a Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant SIMM continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of the Fair Debt Collection Practices Act

## (15 U.S.C. § 1692, *et seq.*)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. 15 U.S.C. § 1692c(a)(2) provides in pertinent part,

> (a) Communication with the consumer generally
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…

55. Further, 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

56. When Plaintiff's Counsel sent the May 14, 2026, Letter to Defendant SIMM, SIMM was actually aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

57. By calling Plaintiff on her cellular phone over approximately fifty (50) times after receipt of the May 14, 2026, Letter from Plaintiff's Counsel, Defendant violated 15 U.S.C. § 1692c(a)(2).

58. Further, by calling Plaintiff over seven (7) times in a single week, over fifty (50) times in total, Defendant violated 15 U.S.C. § 1692d(5).

59. As a result of the constant collection calls by Defendant SIMM, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant SIMM are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of 15 U.S.C. § 1692 *et seq.*

60. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

## II.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (Cal. Civ. Code §§ 1788-1788.33)

61. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

62. When Plaintiff's Counsel sent the May 14, 2026, cease-and-desist Letter to SIMM, Defendant SIMM was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

63. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a covered debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the covered debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by the attorney with respect to the covered debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the covered debt be addressed to the attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply if prior approval has been obtained from the debtor's attorney, or if the communication is a response in the ordinary course of business to a debtor's inquiry.

64. By calling Plaintiff on her cellular phone over approximately fifty (50) times after

receipt of the May 14, 2026, Letter from Plaintiff's Counsel, SIMM violated Cal. Civ. Code §1788.14(c).

65. As a result of the constant collection calls by SIMM, Plaintiff has experienced stress and irritability, as the constant and harassing collection calls by SIMM were overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

66. Further, as stated previously, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692d, they in turn violate the RFDCPA.

67. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

68. The Consumer Financial Protection Bureau's Regulation F, which implements the FDCPA, establishes that a debt collector is presumed to violate 15 U.S.C. § 1692d(5) if the debt collector places telephone calls to a particular person in connection with the collection of a particular debt more than seven times within seven consecutive days. 12 C.F.R. § 1006.14(b)(2)(i)(A), (b)(2)(ii).

69. Therefore, Defendant's acts of calling Plaintiff over approximately fifty (50) times, multiple times per day, including at times in excess of seven (7) times per week, was a separate violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA via Cal. Civ. C. § 1788.17.

**III.**

**THIRD CAUSE OF ACTION**

**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE TCPA**

**(47 U.S.C. § 227, *et seq.*)**

70. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
71. Through the May 14, 2026, Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for SIMM or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.
72. The foregoing acts and omissions of SIMM constitute numerous and multiple negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*
73. As a result of SIMM's knowing and/or willful violations of 47 U.S.C. §227, *et seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of SIMM's over approximately fifty (50) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).
74. As a result of SIMM's negligent violations of 47 U.S.C. §227, *et seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
75. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant SIMM Associates, Inc. herein, respectfully requests this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C.

§ 1692k(a)(1) and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

c. As to the Second Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) and statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

e. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B); and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3);

f. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

g. For such other and further relief as the Court may deem just and proper.

Dated: October 7, 2026 , By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: October 7, 2026 By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff